**NATIONAL LABOR RELATIONS BOARD
v. S. H. KRESS & CO.**

No. 11266.

United States Court of Appeals
Sixth Circuit.

Feb. 21, 1952.

Marcel Mallet-Prevost, Washington, D. C., George J. Bott, General Counsel, NLRB., Washington, D. C., David P. Findling, A. Norman Somers, Samuel M. Singer, and Robert G. Johnson, all of Washington, D. C., on brief, for petitioner.

Martin I. Rose, New York City, N. Y., Martin I. Rose, New York City, on brief; Martin I. Rose, New York City, John J. Larkin, Washington, D. C., of counsel, for respondent.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

HICKS, Chief Judge.

Petition of the National Labor Relations Board for enforcement of its order issued against respondent, S. H. Kress & Company.

The order directs the respondent, its officers, agents, successors and assigns to cease and desist from (a) refusing to bargain with Retail Clerks International Association AFL, herein called the Union, and (b) in any other manner interfering with the efforts of the Union to negotiate for or represent employees in the above mentioned unit as exclusive bargaining agent.

The order also directs certain affirmative action.

The Court has jurisdiction, it being conceded that respondent is engaged in Interstate Commerce within the meaning of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. Respondent, a corporation organized under the laws of New York, operates a large number of retail stores in various states, including a store at Elizabethton, Tennessee.

On February 3, 1948, the Retail Clerks International Association AFL, herein called the Union, filed a petition for certification of representatives under Section 9(a) of the National Labor Relations Act as amended.

The Board conducted a hearing upon notice and on July 27th following issued a Decision and Direction of Election under the direction and supervision of the Regional Director and subject to Section 203.61 and Section 203.62 of its Rules and Regulations. The Board set forth the following employees as constituting an appropriate unit for purposes of collective bargaining, to-wit, "All regular employees, including part time sales employees, but excluding the Manager, Assistant Manager, Cashier, Assistant Cashier, floor ladies, clerical employees and part time sales employees who are hired for the Easter and Christmas seasons and all supervisors as defined in the Act."

There was nothing arbitrary or unreasonable in this selection of the unit for collective bargaining purposes. N. L. R. B. v. Grace Co., 8 Cir., 184 F.2d 126, 129. However, respondent objected thereto and commenced and constantly kept up a series of objections and exceptions to almost every step taken by the Board in further proceedings. This is true, notwithstanding nothing more was involved than collective bargaining procedure in which respondent had no voice. See N. L. R. B. v. Kentucky Utilities Co., 6 Cir., 182 F.2d 810, 813, and cases there cited.

Nothing in the record indicates that the unit set up by the Board for collective bargaining was inappropriate. Originally the Regional Director planned to hold the election in respondent's store, but respondent declined to cooperate and refused to permit the election to be held there. It therefore became necessary to hold it in a building near the store. The election was held on August 27, 1948, after the store's closing time and between the hours of 5:30 and 6:30 P. M., the last day on which it could be held pursuant to the Board's direction. There were thirty-three eligible voters and twenty-three participated. Nineteen voted for the Union and three against it. One vote was challenged by the Union. The respondent had been requested by the Regional Director on several occasions to

446

designate an observer, but declined to do so and none of the voters was challenged by respondent.

■ Respondent contends that two of the voters were improperly allowed to vote and five failed to vote because the time of balloting was inconvenient for them. Assuming that the two in question who were permitted to vote voted anti-Union and that the five who did not vote would also have voted anti-Union ballots, the result would have been seventeen votes for the Union and eight against it. Thus the Union "had a majority on any hypothesis." N. L. R. B. v. Armour & Co., 10 Cir., 154 F.2d 570, 575.

■ Although the election was held under difficulties brought about by the non-cooperative and indeed the hostile attitude of respondent, it is clear that it was fairly held and there is nothing to justify respondent's claim that it was denied due process. National Labor Relations Board v. Jones & Laughlin, 301 U.S. 1, 47, 57 S.Ct. 615, 81 L.Ed. 893.

In Labor Board v. Waterman S. S. Co., 309 U.S. 206, 216, 226, 60 S.Ct. 493, 503, 84 L.Ed. 704, the Court said: "The control of the election proceeding, and the determination of the steps necessary to conduct that election fairly were matters which Congress entrusted to the Board alone. Interference in those matters constituted error on the part of the court below."

Laying to one side objections, which we regard as immaterial, to every step in the proceeding the Board certified that the Union had been designated and selected by a majority of the employees of respondent as their representative for the purpose of collective bargaining. The respondent refused to bargain with the Union. Whereupon charges were filed against respondent upon which the Board issued a complaint. Respondent answered the complaint and a hearing was conducted as a result of which the order herein sought to be enforced was issued by the Board. We have examined and considered the record as a whole and find no valid reason against its enforcement. There was nothing arbitrary or capricious in the proceedings culminating therein. See Semi-Steel Casting Co. v. N. L. R. B., 8 Cir., 160 F.2d 388.

Nearly five months after the issuance of the order respondent moved the Board to re-open the record for the introduction of evidence that the Union was "fronting" for local Union No. 1587, which had failed to comply with Sections 9(f)(g)(h) of the Act as amended. See discussion in National Labor Relations Board v. Highland Park Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969. This motion was properly overruled by the Board for lack of any substantial evidence to support it. With reference thereto the Board conducted its own inquiry from which it was satisfied that no such non-complying Union was in existence either when the Board issued its original order or when the motion to reopen the record was made.

The transcript of record here was filed October 9, 1950, and on September 27, 1951, respondent filed in this court a motion for leave to introduce evidence that local No. 1587 had not complied with Sections 9(f)(g)(h). This motion addressed to the discretion of the Court, Southport Petroleum Co. v. National Labor Relations Board, 315 U.S. 100, 105, 62 S.Ct. 452, 86 L.Ed. 718, is overruled. There is nothing to support it except mere hearsay which respondent admits it became aware of as early as March 22, 1948, and there is no explanation of the failure to bring the matter to the attention of the Board earlier.

■ Respondent contends that the Union had lost its majority after the order requiring respondent to bargain with it had issued and that respondent was therefore no longer required to bargain. Assuming without determining that the Union had lost its majority after that time, this contention is unsound. The bargaining relationship continued for a reasonable period in which it could be given a *fair chance*. Franks Bros. Co. v. National Labor Relations Board, 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020. Our view is that because of procedural delays caused by respondent as above indicated the bargaining relationship never had a fair chance.

The order will be enforced by proper entry.

MILLER, Circuit Judge (dissenting).

The respondent has filed a motion in this court under the provisions of Section 10 (e) of the Act, Section 160 (e), Title 29 U.S.C.A. for leave to adduce additional evidence as to compliance by the Union with Sections 9(f), (g) and (h) of the Labor Management Relations Act, Sections 159(f), (g) and (h), Title 29 U.S.C.A., which motion is supported by the affidavit of the employee relations representative of the respondent.

A similar motion was filed before the Board and denied by it. The Board held that the motion lacked specificity, did not contain a showing sufficient to warrant reopening the record, and that no satisfactory explanation was given for not having offered the evidence at the time of the original hearing. The supporting affidavit for the present motion meets those objections. I am of the opinion that the motion should be now sustained and such evidence considered before the case is finally disposed of. N. L. R. B. v. Indiana & Michigan Electric Co., 318 U.S. 9, 63 S.Ct. 394, 87 L.Ed. 579.