**OLSON RUG COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 12303.**

United States Court of Appeals Seventh Circuit.

Nov. 7, 1958.

Frederick W. Turner, Jr., Chicago, Ill. (Murray B. Woolley, Chicago, Ill., of counsel), for petitioner.

Thomas J. McDermott, Assoc. Gen. Counsel, Melvin J. Welles, Atty., National Labor Relations Board, Washington, D. C. (Jerome D. Fenton, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel, Atty., National Labor Relations Board, Washington, D. C., on the brief), for respondent.

Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

██ Olson Rug Company, the employer, filed objections to an election, conducted by National Labor Relations Board, among its employees and after an investigation by the Board's Regional Director, he recommended overruling

those objections; Olson excepted to the Director's report and requested a hearing regarding three objections.[1] Subsequently, the Board, on August 29, 1957, issued a "Supplemental Decision And Certification of Representatives," reported in 118 N.L.R.B. 1274, 1276, treating with, and holding adversely to, this employer's objections, and concluding: "Having considered the Regional Director's report on objections and the Employer's exceptions thereto, and having found the Employer's objections to be without merit. we hereby overrule them in accordance with the recommendations of the Regional Director, *and deny the Employer's request for a hearing.*" (Emphasis ours.) Textile Workers Union of America, AFL–CIO was then certified as the designated collective bargaining representative of the employees in the unit found appropriate, and Olson, clinging to its claim of illegal pre-election conduct by Textile, has concededly and persistently refused to bargain with that Union. Its steadfast refusal to bargain on the grounds certification was improperly issued precipitated the Board's order against Olson on April 10, 1958 under § 10(c) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq. See also 120 National Labor Relations Board No. 60. In this latter proceeding Olson raised again the objections interposed by it in the representation case. Reaffirming its decision in the representation case, the Board held Olson's refusal to bargain violated § 8(a) (5) and (1) of the Act, ordered this Employer to cease and desist from its unfair labor practices, and directed Olson to bargain with Textile. Olson has petitioned our court for review of this last Board order and, by its answer to that petition the Board asks for enforcement of the challenged order issued April 10, 1957. Through its petition for review Olson picks at the thread of pre-election conduct in the hope of unravelling all that lies behind the order, brought here for review, and as justification for its non-recognition of the certification. But that thread is bound up with power and discretion granted to the Board by Congress. National Labor Relations Board v. National Plastic Products Co., 4 Cir., 1949, 175 F. 2d 755. Of course, if the Board's action is *ultra vires* the Act, then its order will be denied enforcement in our court, and such illegal action is present when and if the Board tolerates, and by its order approves, an election at which the employees have been deprived of making free choices of their bargaining representatives. See e. g. National Labor Re-

1. "The Employer's first objection concerns written campaign material distributed by Petitioner in which, the Employer alleges, Petitioner either expressly or impliedly averred that if Petitioner lost the election the Employer would alter the wages and working conditions of the employees to their detriment but that Petitioner expected to receive more than two-thirds of the 900 votes that would be cast. The Employer's contention that these statements constituted threats and misrepresentations which affected the results of the election is patently without merit as they contained neither assertions which the employees could not evaluate nor threats within the Petitioner's power to carry out.

"The Employer's third objection concerns a campaign banner which Petitioner displayed near one of the Employer's buildings while voting was in progress. As the banner could not be observed by anyone in the immediate vicinity of the polling place, and bore no resemblance to a sample ballot, we find the Employer's contention, that display of this banner constituted improper electioneering and was tantamount to circulation of an improperly altered sample ballot, to be without merit.

"The Employer's fourth objection concerns a bulletin distributed by Petitioner which alleged that in the past the Employer had lost "The Ford Contract" because the Employer was not unionized and concluded, 'Get Ford Back—Vote 'Yes'—Vote TWUA!' The Employer's contention that Petitioner thereby promised employees a benefit in exchange for an affirmative vote is plainly without merit; as found by the Regional Director, Petitioner's assertion was evidently an opinion or prediction of one consequence of Petitioner's victory and it was, in any event, a benefit not within the power of Petitioner to confer upon the employees." 118 N.L.R.B. 1274, 1276 (1957).

lations Board v. Trinity Steel Co., 5 Cir., 1954, 214 F.2d 120. Whether the challenged election was fairly conducted is for the Board's determination reviewable by us for the purpose of ascertaining if that Agency kept within reasonable bounds when functioning under the Act.

 Counsel for Olson presented an oral argument before the trial examiner on his client's objections and from that part of the record, certainly, it is clear that he is contending the Board should have allowed Olson to underscore the reasons why the campaign literature infected the election, but there was absent any issue worth considering further. Prattle rather than precision is the dominating characteristic of election publicity and even this situation is not an exception. After studying this record and the campaign materials we think the Board's discretion remained within permissible limits. Wilson Athletic Goods Mfg. Co. v. National Labor Relations Board, 7 Cir., 1947, 164 F.2d 637.

The Board's order here on review will be enforced and relief sought by petitioner, Olson, is denied.

Enforcement ordered.