**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ALLEN MANUFACTURING COMPANY, Inc., d/b/a Fabuglas Company, Respondent.**

**No. 17027.**

United States Court of Appeals
Sixth Circuit.

Aug. 19, 1966.

Marcus W. Sisk, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, George B. Driesen, Atty., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Joseph Martin, Jr., Nashville, Tenn. (Joseph Martin, Nashville, Tenn., on the brief; Martin & Cochran, Nashville, Tenn., of counsel), for respondent.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

EDWARDS, Circuit Judge.

The National Labor Relations Board petitions this court for enforcement of the Board's order directing respondent Allen Manufacturing Co., Inc., to cease and desist from its refusal to bargain with District 50 of the United Mine Workers of America. Previously District 50 had been certified as the sole collective bargaining agent for Allen Manufacturing Company's employees as the result of its winning a certification election by a vote of 42 to 13.

Subsequent to the election, respondent had filed objections to certification of the union claiming that false and material misrepresentations by the union had illegally and improperly affected its results.

On investigation of these objections by the Regional Director of the National Labor Relations Board, facts were found in his report recommending certification which were adopted and approved by the NLRB in its order of certification.

These facts include: 1. That on October 7, 1964, respondent Allen Manufacturing Co. mailed to each employee a circular asserting, among other things, the following: That the convention of the United Mine Workers had agreed to an increase in dues from $4.25 a month to $5.25 a month.

2. That in response thereto, on October 12, 1964, the union published and distributed to the employees a leaflet asserting, among other things, the following: That the constitution of the International Union provides that dues will not be in excess of $4.00 per month.

3. That in fact the constitution of the United Mine Workers at the time in question provided for a maximum dues figure of $5.00 per month.

4. That the United Mine Workers constitution actually provided for $2.50 mandatory per capita tax to be paid to the International Union for each member, with the local union empowered to determine the amount which it would retain up to a total maximum of $5.00.

816

5. That in the area concerned, the usual actual dues charged District 50 members was $3.50 a month or $4.00 a month.

6. That copies of the United Mine Workers constitution were made available to various employees by the union prior to the election.

7. That on the night before the election, the union held a meeting, attended by 23 employees, at which an organizer for the United Mine Workers sought to correct the record as to the dues matter. The Regional Director for the NLRB concluded that he had succeeded in conveying the fact that $2.50 monthly went to the national union, with the local setting the balance of the monthly dues.

8. That the union won the election by a score of 42 to 13.

There are, of course, numerous cases wherein elections have been set aside on the ground of false and material misrepresentations made by a party (either company or union) having special knowledge of the true facts, so close to the election as to prohibit the opposing party from having an opportunity for an adequate reply. Celanese Corp. of America v. N. L. R. B., 291 F.2d 224 (C.A.7, 1961), cert. denied, 368 U.S. 925, 82 S.Ct. 360, 7 L.Ed.2d 189 (1961); N. L. R. B. v. Bonnie Enterprises, Inc., 341 F.2d 712 (C.A. 4, 1965).

■ There is no doubt also that false and material misrepresentations pertaining to a question of dues payments can under certain circumstances be held to be material enough to make a free election impossible and thus to warrant setting aside an election. Trane Co., 137 N.L. R.B. 1506 (1962); cf. Caressa, Inc., 158 N.L.R.B. No. 150 (1966).

The basic discretion to find what the facts are in relation to such an election contest and to draw reasonable inferences from such facts as to the fairness of the election has been given by Congress to the NLRB.

■ In this case the Board approved a finding that the misrepresentation complained of was not sufficiently ma-

terial to warrant setting the election aside. We do not believe that this record requires the conclusion that the misrepresentation complained of was either sufficiently material or of such impact [Hollywood Ceramics, Inc., 140 N.L.R.B. 221, 224 (1962)] as to deprive these employees of their freedom of choice. [Olson Rug Co. v. N. L. R. B., 260 F.2d 255, 256 (C.A.7, 1958)]. On the whole record we believe there was substantial evidence to support the result reached by the NLRB. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

The motion by the National Labor Relations Board for a temporary injunction pending hearing and decision on appeal which was referred to this panel is hereby denied.

The petition of the National Labor Relations Board for enforcement of its order is hereby granted.