**GENERAL ELECTRIC COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 17473.

United States Court of Appeals
Sixth Circuit.

Jan. 23, 1968.

J. Mack Swigert, Cincinnati, Ohio, Wilbur L. Collins, Cincinnati, Ohio, on brief; Stanley B. Frenze, Plainville, Conn., of counsel, for petitioner.

Richard Adelman, N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, George B. Driesen, Attorney, N.L.R.B., Washington, D. C., on brief, for respondent.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and CECIL, Senior Circuit Judge.

WEICK, Chief Judge.

The sole issue here is whether the Boards order finding General Electric guilty of violating Section 8(a) (5) and (1) of the National Labor Relations Act, as amended (29 U.S.C. § 151 et seq.), is supported by substantial evidence.

General Electric (hereinafter referred to as G. E.) had discharged Kenneth Bolton, who at the time was the union's president, because, in violation of a collective bargaining agreement, he had sanctioned and encouraged a slowdown and had interfered with the work of other employees. He had embarked on

a slowdown in his own work and threatened employees with physical violence if they failed to join with him. His purpose was to block implementation of G. E.'s new incentive wage plan. He told an employee, "You have to fight fire with fire. These people [G. E.] fix prices, they are crooks." Following his discharge a work stoppage ensued which lasted ten weeks, and was, initially at least, in protest over Bolton's discharge.

An unfair labor practice charge was filed by the union with the Board, claiming that the discharge of Bolton was on account of his union activity, but both the Trial Examiner and the Board ruled that Bolton's slowdown activities were not protected, and his discharge was upheld.

Subsequent to his discharge, Witte, the union's president, advised G. E. that at the first opportunity he would file a "case" to get Bolton into the plant to stand by on a rate review. On March 31, 1965, employee Baker requested a rate review of one of his jobs and also requested that Bolton act as union observer. G. E. refused to allow Bolton access to the production areas of the plant. The union then filed with the Board an unfair labor practice charge against G. E., and the Board found that G. E. violated the Act by refusing to permit Bolton to enter the production areas of the plant.

It was the position of G. E. that Bolton was not a suitable or proper person to be admitted into the production areas of the plant, and that he was untrustworthy. G. E. believed that, based on his past activities, Bolton's admission into the plant might lead other employees to cease work and to interfere with production.

The collective bargaining agreement granted to an employee the right to have a review of established piece rates standards, during which review a union representative could be present. The agreement further provided a grievance procedure, but not arbitration, which procedure the union did not follow.

This is not a proceeding to enforce a contractual provision. The question here is whether G. E. committed an unfair labor practice by denying Bolton admission to its plant.

The union had no absolute right to say who should enter the plant. It had qualified persons, other than Bolton, who could have acted as observers in a rate review.[1] G. E. had never refused to bargain with Bolton in the nonproduction areas of the plant and the company had in fact negotiated several grievances with Bolton subsequent to his discharge.

■ Ordinarily, each party to the collective bargaining process has the right to select its bargaining representative and the duty to deal with the representative of the other party. However, special circumstances in a particular situation may absolve a party from the obligation to deal with a specific representative. Such special circumstances were found to exist in NLRB v. International Ladies' Garment Worker's Union, 274 F.2d 376, 78 A.L.R.2d 763 (3rd Cir. 1960) (union refused to bargain with company representative who had previously occupied confidential position in the union), and NLRB v. Kentucky Util. Co., 182 F.2d 810 (6th Cir. 1950) (company refused to bargain with union representative who had expressed hostility toward the company).

■ Viewing the record as a whole, we are of the opinion that G. E. acted reasonably and in good faith in denying Bolton admission to the production areas of the plant, and the Board's finding of a Section 8(a) (5) and (1) violation of the Act is not supported by substantial evidence. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456 (1951).

Enforcement denied.

1. It was not alleged that Bolton had any special qualifications not possessed by any one of the other eleven employees, three of whom were officers of the local and were also trained to act as observers.