NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

DEAN FOODS COMPANY, Inc.,
Respondent.

No. 19496.

United States Court of Appeals
Sixth Circuit.

Jan. 20, 1970.

Angelo Arcadipane, N.L.R.B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Charles R. Both, Attys., N.L.R.B., Washington, D. C., on brief.

Richard A. Brackhahn, Memphis, Tenn., for respondent; Fowler, Brackhahn & Young, Newell N. Fowler, Memphis, Tenn., on brief.

Before EDWARDS, PECK and McCREE, Circuit Judges.

PER CURIAM.

In this action petitioner seeks enforcement of its order reported at 171 NLRB No. 60, pursuant to the provisions of the National Labor Relations Act, as amended, 29 U.S.C. §§ 151 et seq. There is also before the Court a cross-petition of the respondent asking that the order of the Board be reviewed and set aside.

The Board found that the respondent (hereinafter usually the "Company") violated Section 8(a) (5) and (1) of the Act by refusing to bargain with the union here involved which had been certified pursuant to an election. The Company admits its refusal to bargain, challenging the certification on the basis of the invalidity of the election. The issue here presented is whether in overruling the Company's objections to the election the Board acted arbitrarily and capriciously and abused the discretion delegated to it by Congress in matters relating to representation election proceedings. N.L.R.B. v. Waterman SS. Corp., 309 U.S. 206, 226, 60 S.Ct. 493, 84 L.Ed. 704 (1940); N.L.R.B. v. S. H. Kress & Co., 194 F.2d 444, 446 (6th Cir. 1952). Where a party seeks to overturn the results of such an election, the burden is on that party to show that the election was not fairly conducted (N.L.R.B. v. Mattison Machine Works, 365 U.S. 123, 124, 81 S.Ct. 434, 5 L.Ed. 2d 455 (1961)), and thus more narrowly stated the issue here is whether the Company has sustained its burden of proving the invalidity of the election in question.

Some 48 days prior to the election the Company issued a memorandum to "All Supervisory Personnel" announcing a liberalization of vacation schedules for all non-union salaried employees, and specifically directing that the content of the memorandum remain confidential

"since this change in our vacation plan could have an adverse effect on labor negotiations." Although this document apparently was available to the union at or soon after its promulgation, the union did not circulate it until two days before the election. On the next day it placed a copy in each employee's time card slot, but since only seven employees worked that day it is contended that the balance of the fifty employees did not see the document, upon which appeared at the top "THIS IS WHAT THE CO. THINKS OF US", until election day. Whatever issues may have existed concerning the manner in which the memorandum initially became available to the union become immaterial in view of the statement in the Company's exceptions to the Regional Director's Report on Objections to the effect that it was "not interested, nor * * * concerned with, who or what individual misappropriated the Company's confidential memorandum."

The Board has decreed that it will set aside representation elections on the basis of campaign propaganda only where that propaganda (1) misrepresents a material fact, involving a substantial departure from the truth; (2) is timed so that the other party is prevented from making an effective reply; and (3) may reasonably be expected to have a significant impact on the election. Hollywood Ceramics, Inc., 140 NLRB 221, 224 (1962). These criteria have been generally recognized by this Court in N.L.R.B. v. Allen Mfg. Co., 364 F.2d 814, 816 (6th Cir. 1966); and in N.L.R.B. v. Louisville Chair Co., 385 F.2d 922, 927 (6th Cir. 1967), *cert. denied,* 390 U.S. 1013, 88 S.Ct. 1264, 20 L.Ed.2d 163 (1968); *see also,* Anchor Mfg. Co. v. N.L.R.B., 300 F.2d 301, 303 (5th Cir. 1962). In the last three cases, the courts were dealing with a situation in which the propaganda contained a false statement, a claimed misrepresentation based on an ambiguity, and what was assumed for the purpose of the opinion to be a misrepresentation, and in each it was held that the election was valid in spite of the distribution of the accused material.

The present case is novel in that the Company can scarcely claim that the document circulated contains any false statement, since it admits its authenticity as a company prepared memorandum. With reference to this document, the Company states, "Unfortunately, although inadvertently, the memorandum on its face connotes a surreptitious flavor to the document and its contents." If such a connotation in fact exists, it must be remembered that the language employed was chosen by the respondent itself.

On this record taken as a whole, the Board's finding that the circulation of the memorandum was not so timed that the Company was prevented from making an effective reply is sustained by substantial evidence.

The petition of the National Labor Relations Board for enforcement of its order is hereby granted, and the prayer of the cross-petition denied.