453 F.2d 877
 79 L.R.R.M. (BNA) 2429, 67 Lab.Cas. P 12,380
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
HARDY-HERPOLSHEIMER DIVISION OF ALLIED STORES OF MICH.,
INC., et al., Respondents, and Retail Store
Employees Union, Local 20, RCIA,
AFL-CIO, Intervening Petitioner.
 No. 71-1396.
 United States Court of Appeals,
Sixth Circuit.
 Jan. 21, 1972.
 
 Paul J. Spielberg, Atty., N. L. R. B., Washington, D. C., for petitioner; Eugene G. Goslee, Acting Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Baruch A. Fellner, Attys., N. L. R. B., Washington, D. C., on brief.
 Theodore Sachs, Detroit, Mich., for intervenor; Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, Detroit, Mich., on brief.
 John W. Cummiskey, Grand Rapids, Mich., for respondents; Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., on brief.
 Before WEICK, PECK and MILLER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this proceeding to enforce a bargaining order of the Board, the employer contends that the second representation election, in which the union won by only two votes, was invalid and hence it (the employer) was under no obligation to bargain.
 
 
 2
 The sole issue in the case is whether the Board improperly resolved challenges to four ballots cast in the representation election. The union had challenged the ballots cast by employees Broek and Norris on the ground that they were supervisors, and had challenged the ballot cast by Schroder on the ground that he was a management-trainee who did not have a common interest in the terms and conditions of employment with other members of the bargaining unit. The employer challenged the vote cast by Caywood on the ground that her employment had been terminated prior to the election. All of these issues were resolved by the Board adversely to the employer.
 
 
 3
 In resolving challenges to ballots cast in a representation election the Board is vested with wide discretion. NLRB v. A. J. Tower Co., 329 U.S. 324, 67 S.Ct. 324, 91 L.Ed. 322 (1946).
 
 
 4
 The employer in this case must establish that the Board acted arbitrarily, capriciously, and abused its discretion, in order to warrant setting aside the resolution made by the Board. NLRB v. Dean Foods Co., 421 F.2d 664 (6th Cir. 1970); Westchester Plastics of Ohio, Inc. v. NLRB, 401 F.2d 903 (6th Cir. 1968).
 
 
 5
 In our opinion there was substantial evidence to support the Board's findings that Broek and Norris were supervisors and that Schroder was a management-trainee not having an interest in common with the other employees in the bargaining unit. We find no abuse of discretion in the Board's resolution of the challenges to the ballots cast by these three employees.
 
 
 6
 With respect to Caywood, we have a substantial doubt as to the sufficiency of the evidence to support the findings of the Board. The resolution of this issue by the Board is not controlling because irrespective of its determination the union has won the election. It is therefore not necessary for us to rule thereon.
 
 
 7
 The bargaining order of the Board will therefore be enforced.