**HOUSEWRIGHT et al. v. HULL, Regional Director, N. L. R. B.**

Civ. No. 28526.

United States District Court, N. D. Ohio, E. D.

April 16, 1952.

S. G. Lippman, Chicago, Ill., Morton M. Stotter, Lawrence I. Byrnes, Cleveland, Ohio, for plaintiffs.

George J. Bott, A. Norman Somers, Washington, D. C., for defendant.

JONES, Chief Judge.

The National Labor Relations Act, 29 U.S.C.A. § 151 et seq., was intended to provide the only method for dealing with "labor relations". It provides an administrative review, as well as a judicial review, and, as I think, exclusively in the Circuit Court of Appeals. Procedure Sec. 9(c) (4), (d). Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, at page 301, 64 S.Ct. 95, 88 L.Ed. 61.

Unless some of the details of the procedure for holding elections and provisions for determination and certification are made final, if consented to, under the Board's supervision, no proceedings ever could be expeditiously had. Judicial supervision and determination never were intended to supplant the provisions and the procedure of the Act and regulations promulgated thereunder.

The only rights of the character here asserted were created by, or arose out of the provisions of the Act, and are to be resolved and determined by the provisions of the Act. It certainly would circumvent or nullify the clear purposes of the statutory procedure provided by Congress for resolving employer-employee relationship if, at every point of disagreement with the action of the Labor Board or its Regional Director, employer or employee representatives could transfer their respective disagreements with the Board's ruling to the District courts of the land. Switchmen's Union of North America v. National Mediation Board, supra, 320 U.S. at page 305, 64 S.Ct. 95.

The assertion of the violation of a constitutional right is not tantamount to the demonstration of one of substance. I do not say that the assertion of such right here is necessarily frivolous, but it is my view that such a right is non-existent.

■ The details and steps in the procedure leading up to the accomplishment of the objects and purposes of the Labor Relations Act do not, as it seems to me, rise to the substance of constitutional rights, so as to permit of court intervention at each or any step, where parties who have joined in a consent election agreement become dissatisfid with and object to the final action taken thereunder. Such objections may be reserved in the record of the proceedings and reviewed by the United States Court of Appeals, as provided by Section 9(d); Section 10(e, f) of the Act.

Failure to grant a formal hearing on such objections to action taken by the Board or its Regional Director under a consent election agreement providing that such action should be final, does not constitute denial of due process in respect of any constitutional right.

It well might be proper to interpose this further observation. If consent agreements, as provided by the Act and regulations are to be set aside by resort to the courts whenever a ruling or determination of the Regional Director is unsatisfactory or disapproved, no administration of the Act, worthy of its purpose, could be accomplished.

With full understanding of the effect of their acts, the plaintiffs voluntarily entered into a consent election agreement, executed pursuant to the Board's rulings and regulations. Section 102.54(a). It was provided by the agreement that all questions as to the election, and method of investigation of objections to the conduct of the election were to be committed to the Regional Director, whose determinations were to be final and binding. I think the plaintiffs should be bound by the result.

In no event, however, would I consider that refusal to abide the terms and finality of the agreement here considered entitled the plaintiffs to invoke the equity jurisdiction of this court; nor do I think that the denial of a hearing by the Board, under the circumstances presented here, constituted a violation of any constitutional right.

Motion to dismiss complaint for want of jurisdiction will be granted.