## NATIONAL LABOR RELATIONS BOARD v. SEXTON.

### No. 11816.

United States Court of Appeals
Sixth Circuit.
April 16, 1953.

·George J. Bott and A. Norman Somers, Washington, D. C., for petitioner.

Robert T. ·Caldwell, Ashland, Ky., for respondent.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

The above cause came on to be heard upon the record, the briefs of the parties, and the argument of counsel.

The Board found that respondent refused to bargain collectively with the certified bargaining representative in violation of Section 8(a) (5) and (1) of the Act, 29 U.S.C.A. § 158(a) (1, 5). Only one of respondent's reasons for refusal to bargain admits of validity. It appears that the Board excluded Henry Sexton, respondent's nephew, from the bargaining unit in question and from participation in the election for the selection of a bargaining agent. The Board acted in accordance with what it considered its proper authority under Section 9 of the National Labor Relations Act, as amended, 29 U.S.C.A. § 159, to exclude from the appropriate unit those employees who do not have a sufficient interest in common with other employees to warrant their inclusion therein, and the above exclusion was based upon the said employee's family relationship to the respondent. Section 2(3) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 152(3), sets forth what the term "employee" shall include, and specifically excludes a spouse or child of an individual employer as such an employee, but provides for no other exclusion on the basis of family relationship. The Act, therefore, having expressly set forth the individuals who are excluded from the term "employee" on the basis of family relationship, we find no justification for the exercise of discretion on the part of the Board, by virtue of Section 9 of the Act, to exclude from the appropriate bargaining unit and from participation in the election for the selection of a bargaining agent any persons on the basis of family relationship other than those specifically excluded under Section 2(3).

Now, therefore, it is ordered, adjudged, and decreed that the order of the Board be denied enforcement for the reason that the Board improperly excluded Henry Sexton, respondent's nephew, because of his family relationship to respondent, from the appropriate bargaining unit in question and from participation in the election for the selection of a bargaining agent; and the petition for enforcement of the order of the Board is, accordingly, denied.