**METROPOLITAN LIFE INSURANCE COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 15366.**

United States Court of Appeals
Sixth Circuit.

April 11, 1964.

Burton A. Zorn, New York City (Harry E. Marble, Cincinnati, Ohio, George G. Gallantz, Marvin Dicker, Thomas F. Delaney, Associate Gen. Counsel, Metropolitan Life Ins. Co., New York City, on the brief; Marble & Vordenberg, Cincinnati, Ohio, Proskauer, Rose, Goetz & Mendelsohn, New York City, of counsel), for petitioner.

Warren M. Davisón, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Gladys Kessler, Atty.,

N. L. R. B., Washington, D. C., on the brief), for respondent.

Isaac N. Groner, Washington, D. C., on the brief for amicus curiae, Insurance Workers International Union, AFL–CIO.

Before MILLER and CECIL, Circuit Judges, and McALLISTER, Senior Circuit Judge.

CECIL, Circuit Judge.

This case is before the Court upon the petition of the Metropolitan Life Insurance Company to review and set aside an order of the National Labor Relations Board, respondent, issued against the petitioner on April 2, 1963, pursuant to Section 10(c) of the National Labor Relations Act. (Section 160(c), Title 29, U.S.C.) The respondent, by answer, has requested that the order be enforced. The petitioner and the respondent will be referred to hereinafter as the Company and the Board, respectively.

The Board found that the Company violated Section 8(a) (5) and (1) of the Act (Section 158(a) (1) and (5), Title 29, U.S.C.),[1] by refusing to bargain with the union [2] certified as the representative of a group of its employees. The Board's Decision and Order is reported at 141 N.L.R.B. 1074. The sole question presented here is whether the Board's determination of an appropriate unit (Section 159(b), Title 29, U.S.C.) [3] was controlled by the extent of union organization in violation of Section 9(c) (5) of the Act. (Section 159(c) (5), Title 29, U.S.C.) [4]

The unit as determined by the Board consists of nine district offices of the Company. Six of these offices are located in the city of Cleveland, Cuyahoga County, Ohio, and three are located in the metropolitan area of Cleveland. The three offices outside of the city of Cleveland are all in Cuyahoga County and are described as follows: Shaker Heights District in Cleveland Heights, Cuyahoga District in Parma and Lakewood District in Rocky River. These suburban offices are within eight or nine miles of the center of Cleveland. The nearest excluded office is in Akron, Summit County, Ohio, thirty miles from the center of Cleveland and approximately twenty-one miles from the nearest included office in Cuyahoga County.

The district offices are grouped into fourteen territorial divisions by the Company for administrative purposes. Each division is headed by a "superintendent of agencies" who reports directly to a Company vice-president. The offices here involved are in the Central Territory, a division composed of the states of Ohio, Indiana and West Virginia. The superintendent of agencies supervises the district offices in his territory. He maintains constant contact with the district offices and is responsible for: (1) the production of new business; (2) the servicing and conservation of existing business; (3) sales promotion activities; and, (4) recruiting, training, appraisal, appointment, transfer, termination, promotion, demotion and arrangement for retirement of agents, managers and assistant managers. In conjunction with the field management staff officers, he

---

1. "(a) It shall be an unfair labor practice for an employer—
   "(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title; * * *
   "(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159 (a) of this title."

2. Insurance Workers International Union, AFL–CIO.

3. "(b) The Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this subchapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof * * *."

4. "(5) In determining whether a unit is appropriate for the purposes specified in subsection (b) of this section the extent to which the employees have organized shall not be controlling."

directs the creation and abolition of district offices and the alteration of boundary lines between districts. The superintendent of agencies, within his territory, has the power to alter or amend rules, regulations and the forms of the Company.

Business policy of the Company is formulated at its home office and applied uniformly throughout the country. Applications for insurance are processed only at the home office. All business in Ohio is regulated by the state of Ohio. The Company must qualify to do business in the state and all policy forms must be approved by the State Insurance Department.

The district offices are directed by a manager and one or more assistant managers. Sales and administrative policies are prescribed by the home office and the manager has little discretionary authority. His duties are to administer the office in accordance with the policies set by the Company from its home office under supervision of the superintendent of agencies. The district manager has no final authority to hire or discharge employees or to process grievances. There is virtually no interchange or transfer of agents among the various district offices.

The Company contends that a unit should be first, the whole of the United States, or, second, an entire division, or, third, an entire state. There are about nine hundred district offices in the United States with approximately 20740 agents. In the Central Territorial Division there are sixty-eight offices with approximately 1556 agents. There are 1012 agents who work out of forty-four offices in the state of Ohio and in the nine offices here involved there are approximately 230 agents.

In 1944, the Board ruled that the smallest appropriate unit for insurance agents would thereafter be state-wide. Metro-

politan Life Ins. Co., 56 N.L.R.B. 1635. The Board consistently followed this standard until 1961 at which time it changed its policy and determined that a single district office was an appropriate unit for collective bargaining. Quaker City Life Ins. Co., 134 N.L.R.B. 960. In that case the Board found that one district office in Alexandria, Virginia, was an appropriate unit. The union won an election and the Board certified it as the bargaining agent for the employees of that office. The Court of Appeals for the Fourth Circuit affirmed. N. L. R. B. v. Quaker City Life Ins. Co., 319 F.2d 690.

The Third Circuit upheld the Board in its certification of two out of three district offices in the state of Delaware as an appropriate unit. Metropolitan Life Ins. Co. v. N. L. R. B., 328 F.2d 820. In this case the Brandywine and Kirkwood offices were in the Wilmington area and the third one was forty-six miles from Wilmington.

The First Circuit denied enforcement of the Board's order where one district office out of ten in Rhode Island was certified as an appropriate unit. Metropolitan Life Ins. Co. v. N. L. R. B., 327 F.2d 906, C.A. 1. In this case the Board found that the district office in Woonsocket was an appropriate unit. It was twelve miles away from the nearest office of the Company which was in Pawtucket. There were eight district offices and two detached offices in Rhode Island.

The Board has followed this changed policy throughout the country.[5] The Board is not bound by a rule once adopted if it determines subsequently that the reason for the rule fails and it does not act arbitrarily, unreasonably or in violation of the Act. S. E. C. v. Chenery Corp., 332 U.S. 194, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995; N. L. R. B. v. National Container Corp., 211 F.2d 525, C.A. 2; Optical Workers' Union Lo-

5. Metropolitan Life Ins. Co., 144 N.L.R.B. No. 15, (Chicago area); Metropolitan Life Ins. Co., 138 N.L.R.B. 734, (Iowa-North Dakota-South Dakota); Equitable Life Ins. Co., 138 N.L.R.B. 529, (Cleveland area); Western and Southern Life Ins. Co., 138 N.L.R.B. 538, (Pennsylvania).

cal 24859 v. N. L. R. B., 227 F.2d 687, C.A. 5, cert. den., 351 U.S. 963, 76 S.Ct. 1027, 100 L.Ed. 1484; N. L. R. B. v. Pittsburgh Plate Glass Co., 270 F.2d 167, C.A. 4, cert. den., 361 U.S. 943, 80 S.Ct. 407, 4 L.Ed.2d 363. As the court said in Metropolitan Life Ins. Co. v. N. L. R. B., 328 F.2d 820, C.A. 3, above cited: "It was the Board's informed view that the 1944 Metropolitan rule 'unfairly prejudiced the collective bargaining rights of employees.' There is a vast difference between taking away an obstacle to wider union organization and collective bargaining which is the explicit legislative purpose and mandate of the Act, and determining appropriate units on the basis of employee organization."

 The Board has the authority under the Act to determine the appropriate unit for collective bargaining. (Section 159(b), Title 29, U.S.C.) It has wide discretionary powers in this respect. What is an appropriate unit is a question of fact to be determined by the Board upon the facts of each case. Its decision will not be disturbed except for an abuse of discretion or violation of the statute. Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 67 S.Ct. 789, 91 L. Ed. 1040; Pittsburgh Plate Glass Co. v. N. L. R. B., 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251; N. L. R. B. v. Prudential Ins. Co., 154 F.2d 385, 388, C.A. 6; N. L. R. B. v. Morgantown Full Fashioned Hosiery Co., 241 F.2d 913, C.A. 4.

A unit as determined by the Board may be co-extensive with union organization but the Act is not violated unless extent of organization is the controlling motive of the Board in making its determination. The Board found here that the grouping of the nine offices in the Cleveland area was justified by "cogent geographic considerations." It was stated in its opinion: "Therefore, as the Petitioner is seeking a unit comprising all of the Employer's offices in a separate and distinct geographic area in the City of Cleveland, Ohio, and as there is no recent history of collective bargaining and no union seeks a broader unit, we find that such a unit may be appropriate for purposes of collective bargaining." 138 N.L.R.B. 512, 515.

We conclude that the extent of union organization was not the controlling reason for the Board's determination of an appropriate unit in this case. Geographical considerations were not "simulated grounds" but the actual basis for the Board's decision. The Board did not violate either subsection (b) or (c) (5) of Section 159, Title 29, U.S.C.

Having determined that the unit for collective bargaining as fixed by the Board is an appropriate unit it follows that the order of the Board (141 N.L. R.B. 1074) must be enforced. It is so ordered.