NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

J. J. COLLINS' SONS, INC., Respondent.

No. 14458.

United States Court of Appeals
Seventh Circuit.

June 4, 1964.

Marcel Mallet-Prevost, Asst. Gen. Counsel, George Driesen, Atty., N. L. R. B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Lee M. Modjeska, Atty., N. L. R. B., for petitioner.

John H. Doesburg, Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This case is before the Court upon the petition of the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, as amended (29 U.S.C.A. § 160(e)) for enforcement of the Board's order issued against J. J. Collins' Sons, Inc., respondent. The Board's decision and order are reported at 142 NLRB No. 58.

The Board found that the respondent company violated Section 8(a) (5) and (1) of the Act[1] by refusing to bargain with the Union[2] certified by the Board as bargaining representative of a unit of the company's employees and by refusing to furnish the Union with certain wage and employment data. The Board ordered the company to cease and desist from the unfair labor practices found; to bargain with the Union upon request; to furnish, on request, the wage and employment data involved; and to post designated notices.

The company defends its refusal to recognize the Union for bargaining purposes on the ground that the certification is invalid. The company contends the Board erred in overruling the company's challenge to the ballot cast by Norbert Toporek in the representation election held pursuant to the company's and Union's "Stipulation for Certification Upon Consent Election" and in certification of the Union based upon the resulting majority of one vote. The ballot of Toporek had been challenged on the ground that he was not in the appropriate unit defined in the stipulation and approved by the Board for the purposes of the representation election. The company further contends that the certification is invalid because of the Board's failure to afford the company a hearing on its exceptions to the Regional Director's report on challenges.

We find no merit in the company's contention that the Board is required to grant it a hearing on the exceptions to the Regional Director's report and findings. The company was afforded a full opportunity to submit evidence to the Regional Director in support of its contentions concerning Toporek's eligibility to vote. The exceptions the company subsequently filed with the Board set forth the duties of Toporek, substantially as described in the Director's report, and the company's reasons for disagreeing with the recommended disposition of its challenge but failed to show the existence of any substantial and material factual issue concerning Toporek's eligibility to vote or to indicate that it had additional evidence to offer concerning the matter. There is no statutory requirement for a post-election hearing on challenges and under the circumstances here disclosed neither the Board's rules[3] nor the demands of due process required a formal hearing in addition to the Board's investigation and the company has no cause for complaint that its request for a hearing was denied. N.L.R.B. v. O. K. Van Storage, Inc., 5 Cir., 297 F.2d 74, 76; N.L.R.B. v. Joclin Manufacturing Company, 2 Cir., 314 F.2d 627, 631–633. And, "absent any issue worth considering further" there was no need for a post-election hearing on the challenge. Olson Rug Company v. N.L.R.B., 7 Cir., 260 F.2d 255, 257.

We turn to consideration of the substantive question of whether on the facts of record the Board's conclusion that Toporek was included in the unit, and thus eligible to vote, upon which conclusion the resulting certification is bas-

1. All references herein to the "Act" are to the National Labor Relations Act, as amended. 29 U.S.C.A. § 151 et seq.

2. Bookbinders and Paper Cutters' Union of Chicago, Local # 8, International Brotherhood of Bookbinders, AFL-CIO.

3. Section 102.69(b), Rules and Regulations of the N.L.R.B., Series 8, as amended.

ed, represents the application of correct legal criteria.

The appropriate unit as defined and limited by stipulation of the company and the Union, and approved by the Board, is as follows:

"All paper cutting machine operators, all folding machine set-up men, all hand bookbinders and their apprentices, excluding office clerical employees, professional employees, guards, supervisors and all other employees as defined in the Act."

It is conceded that Toporek is not a paper cutting machine operator, a folding machine set-up man, or a hand bookbinder. There is no suggestion or finding that he is an apprentice in any of the three job classifications. The record discloses that Toporek was hired in January, 1960 as a jogger but later became a stock handler. He takes goods off a cutting machine, puts them on a skid, moves the skid and loads them into the proper place. He cuts chipboard or wrapping paper. In the summer of 1961, and again in February or March 1962, he took the place of a paper cutting machine operator who was on vacation. He at all times works with a paper cutting machine operator, who sets up and operates the cutting machine.

The Board agreed with the Regional Director's conclusion that Toporek is included in the unit for the reason that "Toporek works closely with and observes the cutting machine operator, has substituted for him and his community of interest is strongly allied with the paper cutting machine operator."

To sustain its overruling of the challenge to Toporek's ballot the Board points to its "wide discretion in establishing the correct limits of a bargaining unit." N.L.R.B. v. Weyerhaeuser Company, 7 Cir., 276 F.2d 865, 869; N.L.R.B. v. Esquire, Inc., 7 Cir., 222 F. 2d 253, 255–257. It is conceded that the Board's exercise of "informed discretion" in defining an appropriate bargaining unit is not to be upset unless the evidence compels a conclusion that it has acted arbitrarily, or from bias, or prejudice. But unlike in the cases cited, the bargaining unit here involved was defined and its limits circumscribed by stipulation of the company and the Union. And the Board's exercise of discretion was restricted by the Board to its approval of the unit as submitted by the parties. The factor of "community of interest" and other elements of Toporek's duties might well have formed a rational basis for having included the job in the unit under some descriptive designation identifying it. But the Board did not do so. It did not so exercise the discretion it may have had in such connection. And, considerations applicable when the Board makes its own independent determination defining the appropriate bargaining unit do not control here where it is merely interpreting the language used by the parties to define and limit the unit in a stipulation for a consent election. The primary question here is what the parties intended. N.L.R.B. v. Joclin Manufacturing Company, 2 Cir., 314 F.2d 627, 633–634.

It is apparent that the unit as designated and defined does not include the job embracing the duties performed by Toporek. The job is excluded by the provision excluding "all other employees as defined in the Act." Factors which could have justified the job's inclusion in the unit cannot serve as a basis for ignoring the clear, unambiguous and specific language defining and limiting the unit to the three designated job classifications and their apprentices.

It is our conclusion that the Board erred in rejecting the challenge to Toporek's ballot and that the resulting certification is invalid. Therefore, enforcement of the Board's order is denied.

Enforcement denied.