**Yoshio UYEDA, Plaintiff-Appellee,**

v.

**Jerome H. BROOKS, Acting Regional Director, Seventh Region, National Labor Relations Board, Defendant-Appellant.**

**No. 16498.**

United States Court of Appeals
Sixth Circuit.

Aug. 17, 1966.

Lawrence Joseph, N.L.R.B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stephen B. Goldberg, Atty., N.L.R.B., Washington, D. C., on brief, for appellant.

Milton Roberts, Detroit, Mich., for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and CECIL, Senior Circuit Judge.

WEICK, Chief Judge.

This appeal is from a summary judgment entered by the District Court which ordered the Acting Regional Director of the National Labor Relations Board to set aside a certification of a bargaining representative. The certification was issued by the Acting Regional Director pursuant to Section 9 of the National Labor Relations Act as amended, 29 U. S.C. § 151 et seq. A motion filed by appellee to dismiss this appeal on the

ground that the issues had become moot, was denied, 6 Cir., 348 F.2d 633.

The facts are that on November 1, 1963, appellee's employer, Mitchiyoshi Uyeda, doing business as Udaco Manufacturing Company, entered into an agreement with United Steelworkers of America, AFL–CIO, for a consent election to determine whether the production and maintenance employees of Udaco Manufacturing Co. desired to be represented by the union in collective bargaining. This agreement was approved by the Acting Regional Director. The agreement specified that the appropriate bargaining unit was "[a]ll production and maintenance employees of the Udaco Manufacturing Company" and stipulated that the election was to be held in accordance with the rules, regulations and applicable policies of National Labor Relations Board under the appropriate statutory mandate. It further provided:

"* * * the determination of the Regional Director shall be final and binding upon any question, including questions as to the eligibility of voters * * *."

The election was held on November 14, 1963, and a total of seven ballots was cast: three for the union, two against the union, and two were challenged. The two challenged ballots were those of Toshio Uyeda and Yoshio Uyeda, brothers of Mitichiyoshi Uyeda, the owner of the Udaco Manufacturing Co. Their ballots were challenged by the union, first, on the ground that they were supervisors, and later, because they were relatives of the employer. After an investigation into the challenges, the Acting Regional Director sustained the latter allegation and did not count the two brothers' votes in the representation election. He therefore certified the union as the collective bargaining representative of the employees who had voted.

Yoshio Uyeda brought the present action in the District Court to compel the Acting Regional Director to cancel the certification, to count his ballot in the election, and to redetermine the results on that basis. After denying the defendant's motion to dismiss the complaint for lack of jurisdiction over the subject matter, or for summary judgment, the District Court granted plaintiff's motion for summary judgment, relying for both holdings on the decision of this Court in N.L.R.B. v. Sexton, 203 F.2d 940 (6th Cir. 1953).

■ The underlying issue in this appeal relates to the jurisdiction of the District Court to hear and determine the case. The basic rule as laid down by the Supreme Court in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L. Ed.2d 210 (1958), and followed in subsequent cases, is that District Courts have jurisdiction over representation matters only when it is shown that the National Labor Relations Board has acted in excess of its delegated powers or in contravention of a specific prohibition of the National Labor Relations Act. Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); American Metal Prods. Co. v. Reynolds, 332 F.2d 434 (6th Cir. 1964). See also McCulloch v. Sociedad Nacional, etc., 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963).

Thus the ultimate question here is whether or not the Acting Regional Director has so acted by invalidating appellee's ballot.

Appellee raises two points in regard to the action of the Acting Regional Director: First, that he transgressed the provisions of the Act in excluding appellee from the definition of an employee under Section 2(3), 29 U.S.C. § 152(3) because of appellee's family relationship with the employer, and Second, that he acted in excess of his power in altering the composition of the appropriate bargaining unit specified in the agreement for a consent election.

As to the first point, the statutory definition of an employee in Section 2 (3) specifically excludes "any individual employed by his parent or spouse." Appellee, relying on N.L.R.B. v. Sexton,

supra, contends that this specification of excluded family relationships prohibits the Acting Regional Director from using any other relationship (here, that of a brother) as a basis, in whole or in part, for denying his claim to the status of an employee entitled to vote in the representation election.

This Court in Cherrin Corp. v. N.L.R.B., 349 F.2d 1001 (6th Cir. 1965), cert. denied, 382 U.S. 981, 86 S.Ct. 557, 15 L.Ed.2d 471 (1966), upheld the right of the Board to exclude an employee from the bargaining unit of a small family-owned corporation because she enjoyed a special status with the employer in part because she was the daughter of one stockholder-officer and related to the other owners. We said 349 F.2d at pages 1004–1005:

> "It is, therefore, now recognized that family relationship of an employee to persons constituting the corporation is not sufficient for exclusion of such employee from the bargaining unit. There has to be more. It must be established that such relationship of an employee to management can be considered only if the employee enjoys a special status as a result thereof."

In *Cherrin* the Court upheld the Board's determination of special status on facts not nearly so strong as those involved here. In the present case the post-challenge investigation by the Acting Regional Director revealed that both appellee and his brother, Toshio, were paid on a salary basis, while all other employees of the brother, Mitchiyoshi, were paid on an hourly basis at varying rates. It was also found by the Director that while records were kept of hours worked by other employees, no such data was available as to the working time of the brothers of the employer. Finally, while not strictly relevant to appellee, the Director found that appellee's brother, Toshio, was granted a leave of absence of almost six months to care for the father of the three brothers, during which time he continued to receive his weekly salary of $125. This last find-ing raises at least an inference as to the special relationship of all within the family unit (not just Toshio) and especially since they all lived under the same roof during much of this time.

Appellee's emphasis on Section 2(3) and the careful phrasing of the language excluding one employed by a parent or a spouse, is misplaced. In *Cherrin* the Court stated the rationale of its decision in terms of the Board's power under Section 9 of the Act, 29 U.S.C. § 159, to determine which employees constitute an appropriate bargaining unit:

> " * * * it would not be an arbitrary and capricious decision of the Board to exclude an employee from the unit and voting, upon various reasonable grounds, including family relationship to the owners." 349 F.2d 1001, 1004

It is clear that the employee involved there was not held to be excluded from the statutory category of "employees", but rather from the different classification of "appropriate bargaining unit." In the present case it is interesting to note that the Director's finding does not state that the brothers were not employees, but that they "were not eligible to vote in the election."

■ This difference is the key to the use of the family relationship plus special status test. The touchstone of an appropriate bargaining unit is the finding that all of its members have a common interest in the terms and conditions of employment, to warrant their inclusion in a single unit to choose a bargaining agent. See N.L.R.B. v. Ideal Laundry & Dry Cleaning Co., 330 F.2d 712 (10th Cir. 1964).

■ In view of the finding that an employee (even one within the statutory definition) enjoys a special status that allies his interests with the management and not with the rest of the employees, the exercise of the Board's broad discretion under Section 9 to exclude such employee, is clearly not in excess of its delegated power, nor is it in contravention of a specific prohibition of the Act.

Pittsburgh Plate Glass Co. v. N.L.R.B., 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251 (1941); Metropolitan Life Ins. Co. v. N.L.R.B., 330 F.2d 62 (6th Cir. 1964) vacated on other grounds, 380 U.S. 525, 85 S.Ct. 1326, 14 L.Ed.2d 265 (1965).

■ Here the use of the family relationship was in determining the brother's eligibility for participation in the bargaining unit, not his status as an "employee" under Section 2(3). While the exclusion from the bargaining unit cannot be based solely upon a showing of the mere relationship, (Cherrin Corp. v. N.L.R.B., supra,) the Board can legitimately consider that factor, among others, in determining where the interests of a particular employee lie, in regard to the collective bargaining process.

The question remains, however, whether the existence of a consent election agreement between the employer and the union, stipulating the appropriate bargaining unit, limits the power of the Board to make a final determination of which employees shall be eligible to vote in the representation election. Appellee urges that it does, and that the Acting Regional Director's action in excluding appellee thus vested the District Court with subject matter jurisdiction to afford him the relief he seeks. This question was raised, but not determined, in the District Court.

■ Normally the Board exercises a discretion bordering on finality in determining the unit appropriate for bargaining under Section 9(b) of the Act, 29 U.S.C. § 159(b). Pittsburgh Plate Glass Co. v. N.L.R.B., supra; Metropolitan Life Ins. Co. v. N.L.R.B., 328 F.2d 820 (3rd Cir. 1964), vacated on other grounds, 380 U.S. 523, 85 S.Ct. 1325, 14 L.Ed.2d 265 (1965); Metropolitan Life Ins. Co. v. N.L.R.B., 330 F.2d 62 (6th Cir. 1964), vacated on other grounds, 380 U.S. 525, 85 S.Ct. 1326 (1965).

The Act, as amended, provides certain specific limitations on the otherwise broad range of the Board's determinations, and it was one of those prohibitions that was involved in Leedom v.

Kyne, supra. However, none of those limitations is involved here.

Appellee looks to Section 9(c) (4) of the Act to find the requisite violation of a specific statutory provision in order to establish District Court jurisdiction under the rule of Leedom v. Kyne, supra. Section 9(c) (4), 29 U.S.C. § 159(c) (4) provides:

"Nothing in this section shall be construed to prohibit the waiving of hearings by stipulation for the purpose of a consent election in conformity with regulations and rules of decision of the Board."

In the present case the agreement for a consent election, dated November 1, 1963, stipulated that the appropriate collective bargaining unit was "[a]ll production and maintenance employees of the Udaco Manufacturing Company * * *" Appellee relies on N.L.R.B. v. J. J. Collins' Sons, Inc., 332 F.2d 523 (7th Cir. 1964) for the proposition that in this situation the Board had no power to exclude employees from the bargaining unit agreed upon in private negotiations between the employer and the union. We think the *Collins* case is inapposite.

In the present case the agreement clearly stated:

" * * * the determination of the Regional Director shall be final and binding upon any question, *including questions as to the eligibility of voters,* * * *." (Emphasis added.)

In contrast to this express recognition of the Director's powers here, the Seventh Circuit found in *Collins* that the Board did not exercise the discretion it concededly had in relation to the "community of interest" factor, which is the very factor at issue here (332 F.2d 523, at 525).

■ The provisions of the Act allowing the consent election procedure, should not be read to limit the duty or power of the Board in defining the appropriate unit, except in cases of abuse of discretion. Shoreline Enterprises of America, Inc. v. N.L.R.B., 262 F.2d 933, 69 A.L.R.

2d 1174 (5th Cir. 1959), was a case where the Court reversed a self-denying decision of the Board which had believed itself bound by the consent election agreement in such a way as to exclude four otherwise eligible employees from the bargaining unit. The Court noted that eligibility to vote was to be based upon a finding that a particular employee is sufficiently concerned with the terms and conditions of employment. Despite that the Board followed a policy of "honoring concessions" in order to expedite representation matters in general. This was error, the Court held, at page 944:

> "The National Labor Relations Board is not just an umpire to referee a game between an employer and a union. It is also a guardian of individual employees."

Thus the normal discretion of the Board is not terminated by the Act's authorization of a short-cut procedure for consent elections, nor are substantive changes in the rights of employees and the duties of the Board to be lightly inferred from this procedural provision.

In N.L.R.B. v. Hood Corp., 346 F.2d 1020 (9th Cir. 1965), the Court held that even in the face of a consent election agreement, the Regional Director would have violated the terms of the agreement itself if he had failed to consider challenges based on settled Board policies, since the agreement, in words exactly the same as those in the present case, provided that the election was to be held in accord with Board policies.

■■ The fact that here the Acting Regional Director acted to exclude certain employees, rather than a failure to include them, does not distinguish the present case from *Shoreline Enterprises,* supra. The right of each employee to vote in a fair election is as equally impaired if the Board allows an ineligible voter to cast a ballot which offsets his vote, as if he were disenfranchised entirely. The Board's duty to conduct an equitable election among all employees with a common interest in regard to the employer, extends to both situations and cannot be undercut by private agreement.

■ Section 9(c) (4) cannot be read as an explicit prohibition limiting the Board's normal powers in respect to the determination of the bargaining unit. Rather, it is a procedural convenience meant to expedite the election process, but not to affect substantive rights and duties established by other parts of the statute.

■ This being so, even if the Regional Director's decision on the eligibility of the employer's brothers was incorrect (which we do not here decide,) it was an error within the discretion granted him under the Act and was not in excess of his power nor in contravention of a specific prohibition of the Act. We decide today only that the District Court lacked jurisdiction over this matter and imply no opinion on the merits of the Acting Director's decision.

The procedure for the correction of the errors claimed here, has already been set in motion through the medium of an unfair labor practice proceeding brought against the employer when he refused to bargain with the certified union.

For these reasons, the judgment of the District Court is reversed and the cause is remanded with instructions to dismiss the complaint.