**George H. HUGHES et al., Plaintiffs,**

**v.**

**John C. GETREU et al., Defendants.**

**No. 6359.**

United States District Court
S. D. Ohio, W. D.

Feb. 25, 1967.

Arnold Morelli, Cincinnati, Ohio, for plaintiffs.

Emil Farkas, Thomas M. Sheeran, N. L. R. B., Cincinnati, Ohio, for defendants.

HOGAN, District Judge.

In September, 1966, a representative election was held at the Ohio Division of Champion Papers, Inc. at Hamilton, Ohio, at the request of United Papermakers and Paperworkers, AFL–CIO

(the "Union") by and under the supervision of the Regional Director of the National Labor Relations Board (the "Board") which was subsequently held to be invalid by the Board. The employer and the Union thereafter, with the approval of the Board, entered into an agreement as to those eligible to vote in a second representative election, which was held in January, 1967. The Union received a majority of the votes in this election.

The plaintiffs, eight in number, bring this action on behalf of themselves and allegedly on behalf of approximately six hundred employees of the Division. The plaintiffs place themselves in various classes of persons (consisting over all of approximately sixty-seven persons) who, for one reason or another, were eligible to vote in the first election and not eligible to vote in the second election, under the agreement heretofore referred to. For example, the plaintiffs allege that employees of the "Shipping Department," four in number, were permitted to vote in the September election, but were ineligible in the January election. The January election was a close one (919 to 905 votes). Immediately after the election the plaintiffs requested the Board to be made parties to the proceedings before the Board and to file objections to the determinations of the Board with respect to the appropriate unit and eligibility to vote. There is no indication that any of the plaintiffs or that the "Committee for an Independent Champion" (the 600 employees) either made any effort, prior to the election, to "intervene" and become a party to the proceedings before the Board (although the Board has permitted such types of intervention —see Leedom v. Kyne, 358 U.S. 184, at page 185, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958))—nor is there any indication that any objection to the eligibility determinations was made by anyone prior to the January election. The objections tarried pending the result.

When, after the election, the plaintiffs sought to become parties and file objections before the Board, the Board declined; that is to say, the Board would not permit either the filing of objections or the addition of the plaintiffs as parties, or any hearing. The complaint alleges that the Regional Director will certify the Union as the bargaining representative and basically prays that the defendant Board be enjoined from certifying the Union as the bargaining representative of the Ohio Division employees. A temporary restraining order without notice was declined by this Court and a hearing, on notice, of a non-evidentiary character was held.

The complainants rely on Leedom v. Kyne, supra, and Fay v. Douds, 172 F.2d 720 (2d, 1949).

In Leedom v. Kyne, the Supreme Court upheld the jurisdiction of a Federal District Court in an original suit to set aside the Board's determinations of questions pertinent to a representative election. (28 U.S.C. § 1337) However, the Board in the factual situation therein involved plainly violated a statutory mandate in Section 9(d) of the National Labor Relations Act (29 U.S.C. § 159).

We have carefully examined the allegations of error attributed to the Board in the complaint in this case and measured them against the statutory mandates. The most that can be said is this—the complainants do not set forth any violation of a statutory mandate, but at the most complain of alleged erroneous decisions arrived at by the Board in the exercise of power granted to it by the statute. For example, no mention is made of absentee ballots in the statute, and one of the complaints is that absentee ballots were not permitted at the challenged election. The *Kyne* case has subsequently been dealt with by the Supreme Court in Boire v. Greyhound Corporation, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), in which, as in this case, the complaint is not and cannot be "clear violation of statute" but an error in construction or fact. In the *Boire* case, the Supreme Court said:

"Whether Greyhound possessed sufficient indicia of control to be an 'employer' is essentially a factual issue,

unlike the question in *Kyne,* which depended solely upon construction of the statute. The *Kyne* exception is a narrow one, not to be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law. Judicial review in such a situation has been limited by Congress to the courts of appeals, and then only under the conditions explicitly laid down in § 9(d) of the Act."

There is no question that in the normal course of events Board orders in certification proceedings are not directly reviewable in the courts. Such decisions, under the Act, become reviewable only when the dispute concerning the correctness of the certification eventuates in a finding that an unfair labor practice has been committed, such as where the employer refuses to bargain with a certified representative on the ground that the election was held in an inappropriate unit. § 9(d) of the Act provides for judicial review of the underlying certification order in such instances in the courts of appeal. While such an indirect method of obtaining the review imposes delays on challenges to elections, that appears to be exactly what Congress intended in the enactment of the Act. The question of judicial review upon certification was carefully considered by Congress at the time of the passage of the Act in 1935, with the result that the review was limited in the Act to the manner set forth in 9(d) and above mentioned. Congress concluded that prompt certification, not subject to immediate legal court review, lessened the occasion for strikes.

The Supreme Court has fashioned only one other exception to the general rule that the Act itself limits the jurisdiction of district courts to review certifications. That involves "the presence of public questions particularly high in the scale of our national interest because of their international complexion." There is no claim that the exception is applicable here, nor could there be.

The complainants rely on what sometimes has been referred to as another exception fashioned by the Second Circuit in the *Fay* case, supra. In the *Fay* case, the Second Circuit upheld the jurisdiction of a district court to review or enjoin a Board certification where the complainant asserts a constitutional right which is not transparently frivolous. The right asserted by the complainant in the *Fay* case was a property right, based on a contract. The rights asserted by the complainants in this case are rights claimed under the Wagner Act as amended and, being claimed under the statute, must stand or fall with the statute and the reasonable construction thereof. No other Circuit has as yet adopted the exception fashioned by the Second Circuit. Most of the suits in which "jurisdiction" has been premised on a denial of due process have been instituted by Unions whose position as certified bargaining representative has been threatened by Board action, independent of a departure from statutory requirements. See Milk and Ice Cream Drivers and Dairy Employees Union, etc. v. McCullough, 113 U.S.App.D.C. 156, 306 F.2d 763 (1962). Furthermore, the cases have generally required a fairly substantial allegation of denial of constitutional rights before jurisdiction has been assumed. The assertion of a denial of due process as a result of the retroactive application of a Board policy has been held insufficient. Local 1545, United Broth. of Carpenters, etc. v. Vincent, 286 F.2d 127 (2d, 1960).

At least at the behest of a complainant whose objections were not asserted in any respect until after an election, we decline to follow the Fay v. Doud exception. Compare Housewright v. Hull, 104 F.Supp. 234 (N.D.Ohio 1952) in which Judge Jones, conceding that the assertion of the constitutional right is not frivolous, said:

"If consent agreements, as provided by the Act, are to be set aside by resort to the courts whenever a ruling or determination of the Regional Director is

unsatisfactory or disapproved, no administration of the Act, worth of its purpose, could be accomplished."

Or as the Supreme Court said in National Labor Relations Board v. Erie Resistor Corp., 373 U.S. 221, 83 S.Ct. 1139, 10 L. Ed.2d 308 (1963),

"Here, as in the other cases, we must recognize the Board's special function of applying the general provisions of the Act to the complexities of industrial life."

The Complainants vigorously assert that a denial of jurisdiction by this Court will result in a disposition of their objections without any hearing anyplace at this time. Passing the question of the relationship of plaintiffs' tardiness to that loss, if any, several things should be pointed out. When the 80th Congress considered various amendments to the Act, the House at one time proposed a direct review in some court (rather than the indirect review provided for in the manner alluded to above) of Board certifications for the reason that under the Wagner Act as it then stood—and now remains—the operation of § 9(d) was "unfair to * * * the Union that loses, which has no appeal at all no matter how wrong the certification may be; *(and to) the employees who also have no appeal."* (Italics added.) So the House at that time proposed an amendment providing for immediate judicial review and assigned as a reason in its report that otherwise "the employees" would have no immediate appeal, no matter "how wrong the certification may be." The Senate rejected that proposal and the proposal was, after years of experience with 9(d), rejected by the Congress. The complainants' position in this case is exactly contrary to the conclusion of Congress at that time.

It should be made clear that this Court is neither agreeing nor disagreeing with the determinations of the Board. Lacking the *Kyne* exception, it is not in the province of this Court to agree or disagree.

Finally, in our opinion, the very recent case of Uyeda v. Brooks (Regional Director), decided by the Sixth Circuit in August, 1966, 365 F.2d 326, 331, is determinative of this controversy. In that case the complainant was or represented ⅔ths of the voting power involved (in this case the complainants assertedly represent approximately ¼th). The Union won the representative election by one vote. While the $\begin{cases} \text{employee} \\ \text{plaintiff} \end{cases}$ in that case had actually voted the two votes, the ballots were challenged and the Board upheld the challenge. The complainant employees filed an action in the District Court to cancel the certification of the election and to redetermine the results. The Sixth Circuit (Chief Judge Weick) said:

"Even if the Regional Director's decision on the eligibility of the employer's brother was incorrect (which we do not here decide,) it was an error within the discretion granted him under the Act and was not in excess of his power nor in contravention of the specific prohibition of the Act. We decide today only that the District Court lacked jurisdiction over this matter and imply no opinion on the merits of the Acting Director's decision."

For the above reasons it is

### ORDERED

that the plaintiffs' motions for a temporary restraining order and/or for preliminary injunction be and they hereby are denied.