**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AMERICAN LIFE AND ACCIDENT INSURANCE COMPANY OF KENTUCKY, Respondent.**

**No. 17805.**

United States Court of Appeals Sixth Circuit.

May 10, 1968.

Warren M. Davison, Atty., N.L.R.B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Linda Sher, Atty., N.L.R.B., Washington, D. C., on brief.

Edward C. Kaminski, Akron, Ohio, for respondent; Richard A. Chenoweth, W. Dennis Shaul, Buckingham, Doolittle & Burroughs, Akron, Ohio, on brief.

Before CELEBREZZE and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

ORDER.

The National Labor Relations Board petitions this Court for enforcement of its order against American Life and Accident Insurance Company of Kentucky, Respondent. The Board found in a Decision and Order reported at 158 NLRB— (No. 31) (1966) that the Respondent violated Section 8(a) (5) and (1) of the Act, 29 U.S.C. § 158(a) (5) and (1), by refusing to bargain with the certified bargaining representative of a group of its employees. Respondent does not contest the fact of its refusal to bargain but contends that the unit covered by the certification was inappropriate, and therefore it was under no legal duty to bargain.

The power of this Court to set aside the Board's determination of an appropriate bargaining unit is a narrow one, limited to a determination of whether the Board has violated the proscriptions of Section 9(c) (5), 29 U.S.C. § 159(c) (5), by giving controlling weight to the extent of organization or has otherwise abused its discretion. Metropolitan Life Insurance Company v. National Labor Relations Board, 330 F.2d 62 (6th Cir. 1964), vacated and remanded on other grounds 380 U.S. 525, 85 S.Ct. 1326, 14 L.Ed.2d 265 (1965). In the instant case the Board found that a grouping of Respondent's Cleveland 1 and 2 offices, the only offices in the City of Cleveland, was an appropriate bargaining unit. In his decision the Trial Examiner articulated several bases for his ruling. See National Labor Relations Board v. Metropolitan Life Insurance Co., 380 U.S. 438, 443 n. 6, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965). We cannot say that the Board gave controlling weight to the extent of union organization or otherwise abused its discretion.

Respondent's contention that it was denied due process we find to be without substance. It is therefore ordered that the petition of the National Labor Relations Board to enforce its order be, and it is, hereby granted.