**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**EQUITABLE LIFE INSURANCE COMPANY, Respondent.**

**No. 17851.**

United States Court of Appeals Sixth Circuit.

May 10, 1968.

Warren M. Davison, N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Linda Sher, Attys., N. L. R. B., Washington, D. C., on brief, for petitioner.

Joseph F. Castiello, Washington, D. C., Hannan, Castiello & Berlow, Washington, D. C., of counsel, for respondent.

Before CELEBREZZE and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

## ORDER

Equitable Life Insurance Company, Respondent, has refused to bargain with the certified bargaining representative of a group of its employees in order to contest the National Labor Relations Board's determination of the appropriate bargaining unit. The Board entered an order, reported at 141 NLRB 718 (1963), finding that Respondent had violated Section 8(a) (5) and (1) of the Act, 29 U.S.C. § 158(a) (5) and (1), and petitions this Court to enforce that order.

A group of Respondent's two Cleveland offices, Cleveland East District Office and Cleveland West District Office, and a detached office in Lorain, Ohio, which is administratively attached to the Cleveland West Office, was found by the Board to be an appropriate bargaining unit. In its Decision and Direction of Election reported at 138 NLRB 529 (1962), the Board articulated its reasons for finding this grouping appropriate. Our review is limited to a determination of whether in reaching its decision the Board has violated the proscription of Section 9(c) (5) of the Act, 29 U.S.C. § 159(c) (5), by giving controlling weight to the extent of organization or has otherwise abused its discretion. Metropolitan Life Insurance Company v. National Labor Relations Board, 330 F. 2d 62 (6th Cir. 1964) vacated and remanded on other grounds 380 U.S. 525, 85 S.Ct. 1326, 14 L.Ed.2d 265 (1965). We do not find such an abuse in this case.

Respondent also contends that it was denied due process because the Board excluded its evidence concerning the extent of union organization. Since the

extent of organization cannot be given controlling weight by the Board and since the apparent object of the Respondent, both before the Board and on this appeal, has been to show that the only appropriate unit is state-wide or company-wide, it is difficult to conceive how it was prejudiced by the exclusion of evidence concerning the extent of union organization. We find no merit to the contention.

It is therefore ordered that the National Labor Relations Board's petition for enforcement of its order be, and it is, hereby granted.