**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DEE'S OF NEW JERSEY, INC., Respondent,**
**Retail Clerks International Association, Local 1360, AFL-CIO, Intervenor.**

No. 16899.

United States Court of Appeals Third Circuit.

Argued April 2, 1968.

Decided May 20, 1968.

Joseph C. Thackery, N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. General Counsel, George B. Driesen, Attys., N.L.R.B., on the brief), for petitioner.

Howard S. Simonoff, Plone, Tomar, Parks & Seliger, Camden, N. J. (Eleanor H. Klein, Camden, N. J., on the brief), for intervenor.

Fred Lowenschuss, Snyder & Lowenschuss, Philadelphia, Pa., for respondent.

Before KALODNER, GANEY and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

GANEY, Circuit Judge.

In this enforcement proceeding the National Labor Relations Board seeks to require the respondent, Dee's of New Jersey, Inc. ("Dee's"), (1) to offer reinstatement to James J. Vence, Jr., to his former position at Dee's Bridgeton, New Jersey, store with backpay, and (2) to bargain collectively with Local 1360, Retail Clerks International Association, AFL–CIO, upon request by the latter.

The Board agreed with its Trial Examiner, John F. Funke, regarding his findings of facts with one major exception, to wit: that there was a lack of evidentiary basis for ordering Dee's to bargain with Local 1360. In our opinion, the trial examiner was correct in recommending to the Board that the voting results of a representation election unfavorable to Local 1360 be certified.

Dee's has three appliance stores in three different cities in New Jersey. One in Audubon, one in Bridgeton, and the other in Pennsauken. The Bridgeton store is 35 miles from Audubon and 45 miles from Pennsauken. The stores had no history of having bargained collectively with a labor organization.

On August 30, 1964, Dee's received a letter from Local 1360 demanding recognition as the exclusive bargaining agent for the employees of Dee's three stores in New Jersey. On September 7, Vence, an employee at Dee's Bridgeton store since July of 1964 and the prime union organizer among the employees at that store, was laid off presumably for lack of work. The true reason, as found by the Board, was Vence's organizational activities.

On September 10, 1965, Local 1360 made a telephonic demand on Dee's for recognition as the exclusive bargaining representative for the employees of Dee's Bridgeton store.[1] The demand was refused. At that time Local 1360 represented eleven out of fourteen employees at that store eligible to vote in a representation election.[2] It did not have a ma-

---

1. "A request to bargain need follow no specific form or be made in any specific words so long as there is a clear communication of meaning, and the employer understands that a demand is being made." N. L. R. B. v. Barney's Supercenter, Inc., 296 F.2d 91, 93 (C.A.3, 1961).

2. At this point Local 1360 could have filed a § 8(a) (5) unfair labor charge against Dee's for its refusal to bargain. The defense of good-faith doubt as to the local's majority status might not have succeeded because William G. Ranagan, Jr., an employee of Dee's, testified that David Dion, secretary-treasurer of Dee's

jority status at Dee's other stores. Six days later the demand of September 10 was repeated in a letter which stated in part: "We request that you advise an appropriate time and place for us to demonstrate this majority status and commence collective bargaining immediately thereafter." Dee's made no response to this letter.

On September 17, Local 1360 filed a petition for an election (Case No. 4–RC–6528) to determine if a majority of the employees at Dee's Bridgeton store wished to be represented by it for purposes of collective bargaining. Two days later, September 19, Dee's offered to re-employ Vence if he would agree to disavow Local 1360. On November 12, after it held hearings on October 8 and 25, the regional director rendered his decision and directed that an election be held among the appropriate employees of Dee's Bridgeton store, the unit found appropriate by him. Dee's requested review by general counsel mainly on the ground that its three stores instead of the one at Bridgeton was the appropriate bargaining unit. Review was denied.

In the meantime, on October 8, unfair labor practices charges (Case No. 4–CA–3790) were filed by Local 1360. The regional director issued a complaint on December 3, 1965. On December 9, the election was held. Twelve ballots were cast, three were challenged, and, of the nine counted, only one was for Local 1360. Three employees, though eligible, did not vote. On December 13, Local 1360 filed timely objections to the election. One of the grounds was that Dee's action between September 17, the date of the petition for election, and the day the ballots were cast, had improperly influenced the outcome of the election. On the following day the complaint in

the unfair labor practice case (Case No. 4–CA–3760) was amended to include the allegation of election influence in violation of § 8(a) (5) of the Act as an additional unfair labor practice charge. The two cases were consolidated and a hearing on the objections to the election and the unfair labor practices charges regarding Vence's discharge, Dee's pre-election conduct and its September 10th refusal to recognize and bargain with Local 1360 was held before the trial examiner on March 29 and 30, 1966.

■■ With respect to the unit found appropriate by the Board for bargaining purposes, Dee's claims the Board should have included its other two stores located in the same State in the bargaining unit. As we said in N.L.R.B. v. David Friedland Painting Co., Inc., 377 F.2d 983 (C.A.3, 1967): "The Board has wide discretion in determining an appropriate bargaining unit, and its determination in this regard will not be set aside on review unless there has been a showing that such determination was arbitrary.[7] [3] May Dept. Stores Co. v. N.L.R.B., 326 U.S. 376, 380, 66 S.Ct. 203, 90 L.Ed. 145 (1945); N.L.R.B. v. Merner Lumber & Hardware Co., 345 F.2d 770 (C.A.9, 1965)." Also see N.L.R.B. v. Sun Drug Co., C.A.3, 1966, 359 F.2d 408 —one drug store in a chain of 53 held appropriate; Banco Credito y Ahorro Ponceno v. N.L.R.B., C.A.1, 1968, 390 F.2d 110—one out of 29 branch banks found suitable. There has been no showing that the Bridgeton store is clearly not an appropriate unit.

■ Regarding the alleged unfair labor practice charges, the Board said: (161 N.L.R.B. 204, 205–206 (1966).)

"The Trial Examiner found, and we agree, that the Respondent violated Section 8(a) (1) of the Act by interrogating employees for the purpose of

---

told him that he knew that everybody in the Bridgeton store had signed union application cards. See N. L. R. B. v. S. S. Logan Packing Co., 386 F.2d 562, 566 (C.A.4, 1967) ; National Can Corporation v. N. L. R. B., 374 F.2d 796, 800 (C.A.7, 1967).

3. "7 One case has stated that normally, the Board's exercise of discretion in this area borders on finality. Uyeda v. Brooks, 365 F.2d 326 (C.A.6, 1966)."

ascertaining why they wanted a union in the plant, by offering employees a reduction in hours to discourage union membership; and by threatening an employee with demotion because of his union activity. We also agree with the Trial Examiner's finding that Respondent violated Section 8(a) (1) and (3) by discharging employee James Vence because of his union activity, and by offering him reinstatement conditioned upon his signing a statement repudiating the Union."

There is substantial evidence on the record considered as a whole to support such findings. They are therefore conclusive upon us. Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The fact that there was also testimony which if it had been believed by the Board would have supported Dee's claim that Vence was fired for cause does not alter the standard which we must follow in reviewing the record as a whole.[4]

The Board in its decision also stated: "However, contrary to the Trial Examiner, we are of the opinion that the Respondent also violated Section 8 (a) (5) of the Act by its refusal to recognize and bargain with the Union. * * * In the Trial Examiner's view, Respondent's conduct in conditioning Vence's reinstatement upon his signing a statement repudiating the Union, the conduct alleged as a ground for setting aside the election, did not have a sufficient impact upon Respondent's employees' to warrant a finding that such conduct has a substantial effect on the employees' freedom of choice. It is on this ground that we differ with the Trial Examiner. * * * It is true that the Respondent's conditional offer to reinstate Vence is the only instance of unlawful conduct which occurred after the filing of the representation petition. But this particular act of Re-

spondent was the culmination of a series of unlawful acts including Vence's discriminatory discharge which clearly manifested a disregard of employees' rights. While we are not looking to conduct preceding the filing of the representation petition as a ground for setting aside the election, we believe a more serious view must be taken of the one incident which occurred after the filing of the petition, particularly as it involved a discriminatory denial of employment, the kind of conduct which is most likely to impress upon employees the disfavor with which employer regards his employees' organizing activities. The Respondent's refusal to reinstate Vence, except upon unlawful terms, was known to at least two other employees, [Leon] Brown and [William G.] Ranagan, who were also active union adherents. It is reasonable to infer that Respondent's conduct in question could well have been instrumental in influencing the votes cast in the election. We therefore find that by unlawfully denying Vence reinstatement, the Respondent interfered with the election. Accordingly, we shall set aside the election and dismiss the petition herein. We also find on the basis of the record as a whole that the Respondent violated Section 8(a) (5) of the Act by refusing to recognize and bargain with the Union as majority representative of the employees.[3] " (Footnote omitted.)

■ There was substantial evidence to support the Board's findings that as of September 10, 1965, Local 1360 commanded a majority status at Dee's Bridgeton store, that Dee's, in violation of § 8(a) (3) of the Act, offered Vence reinstatement on condition that he sign a statement repudiating the local and that this offer was known by at least two other employees at the Bridgeton store. Despite the fact that there was

4. Coincidence of an employee's union activity and his discharge for cause renders the employer's motive vulnerable and serves to make the discharge issue

one of fact for the Board to decide. See N. L. R. B. v. Council Mfg. Co., 334 F.2d 161, 164 (C.A.8, 1964).

no proof that any other employee except those two knew of this offer, the Board nonetheless concluded that it effected the outcome of the election. Concerning this phase of the case we think the Board acted beyond its powers. Situations may arise where the expertise of the Board in labor matters will be a sufficient basis for its determination as to the effect of certain action without specific proof of that effect. For example, see N.L.R.B. v. Frank C. Varney Co., 359 F.2d 774 (C.A.3, 1966). Had it been shown here that a sufficient number of the remaining employees who voted in the election knew of the conditional reinstatement offer, we would then be faced with the question whether the Board's conclusion that such knowledge effected their vote although direct inquiry was lacking may be considered substantial evidence of such effect.

■ Accordingly, except for provisions 1(c) and 2(c) to the effect that upon request, Dee's bargain collectively with Local 1360 as the exclusive bargaining representative of all the employees in the Bridgeton store, a decree will be entered enforcing the order of the Board.