**CHARLIE ROSSI FORD, INC.,**
Appellant,

v.

**Milo V. PRICE, Regional Director of Region 28 of the National Labor Relations Board, Appellee.**

No. 77–1597.

United States Court of Appeals, Ninth Circuit.

Nov. 11, 1977.

Philip E. von Ammon, of Fennemore, Craig, von Ammon & Udall, Phoenix, Ariz., for appellant.

Janet C. McCaa, Washington, D. C., William L. Schmidt, Phoenix, Ariz., for appellee.

Before BROWNING, GOODWIN, and KENNEDY, Circuit Judges.

PER CURIAM:

Pursuant to a Stipulation for Certification Upon Consent Election, a secret ballot election on the question of union representation was conducted among certain employees of Charlie Rossi Ford. The employer challenged the votes of two individuals as outside of the agreed bargaining unit and not included on the company's eligibility list. Because the challenged votes could have affected the outcome of the election, the Regional Director conducted an investigation. He recommended that the votes should be counted. This recommendation was considered by the National Labor Relations Board ("the Board"), which ordered the votes "counted" and the result of the election (for union representation) certified.

Thereafter, the employer filed its complaint in the district court for declaratory and injunctive relief. The court dismissed the action for want of subject matter jurisdiction.

Under the general rule, an order of the Board in a certification proceeding is not subject to direct judicial review; rather, an employer aggrieved by a certification decision must precipitate an unfair-labor-practice decision by the Board by refusing to bargain with the certified representative in order to obtain judicial review. *Boire v. Greyhound Corp.*, 376 U.S. 473, 476–77, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); *Leedom v. Kyne*, 358 U.S. 184, 187, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); *Bays v. Miller*, 524 F.2d 631, 632 (9th Cir. 1975). However, certain exceptions to this general rule have been recognized. Appellant argues that exception recognized in *Leedom v. Kyne, supra*, is applicable and invests the district court with subject matter jurisdiction.

In *Leedom v. Kyne*, the Board included both professional and nonprofessional employees in a bargaining unit that it found appropriate after refusing to take a vote among the professional employees to determine whether a majority of them would "vote for inclusion in such unit," as mandated by section 9(b)(1) of the National Labor Relations Act (29 U.S.C. § 159(b)(1)). Under the above circumstances which were characterized as "in excess of [the Board's] delegated powers and contrary to a specific prohibition in the Act," the Supreme Court held direct judicial review to be available, ruling that the absence of jurisdiction would have meant "the sacrifice or obliter-ation of a congressionally created right." *Leedom v. Kyne, supra*, 358 U.S. at 188, 190, 79 S.Ct. 180.

The *Kyne* exception is a narrow one, applicable only where there is a plain violation of an unambiguous and mandatory provision of a statute. *Boire v. Greyhound Corp., supra*, 376 U.S. at 481, 84 S.Ct. 894; *Teamsters Local 690 v. N. L. R. B.*, 375 F.2d 966, 970–76 (9th Cir. 1967). In the instant case, appellant asserts that the Board violated section 9(c)(4) of the Act (29 U.S.C. § 159(c)(4))[1] by failing to abide by the composition of the bargaining unit as set out in the Stipulation. Although we express no opinion on the merits of this contention, we do not believe that this statute provides an unambiguous and mandatory standard for the Board to follow.[2] Furthermore, because appellant has a well-established avenue available for obtaining judicial review (albeit at some time in the future), the dismissal below did not obliterate or sacrifice a congressionally created right.

Finding that the narrow requirements of the *Kyne* exception were not met, we hold that the district court correctly dismissed the action for lack of subject matter jurisdiction.

AFFIRMED.

---

1. 29 U.S.C. § 159(c)(4) provides as follows: Nothing in this section shall be construed to prohibit the waiving of hearings by stipulation for the purpose of a consent election in conformity with regulations and rules of decision of the Board.

2. We recognize that there is case law holding that the Board may not alter a bargaining unit that was established by a stipulation between parties. *See, e. g., N. L. R. B. v. Detective Intelligence Service, Inc.*, 448 F.2d 1022 (9th Cir. 1971); *Tidewater Oil Co. v. N. L. R. B.*, 358 F.2d 363, 365 (2d Cir. 1966). However, the Board has authority to interpret a stipulation which it finds ambiguous. *N. L. R. B. v. Detective Intelligence Service, Inc., supra*, 448 F.2d at 1025.

   Moreover, we note in passing that those cases, holding the Board had no discretion to alter an unambiguous unit created by stipulation, came up for review after an unfair labor practice finding by the Board. We are aware of no case which has used the *Kyne* exception to provide for direct judicial review in these circumstances, and we decline any opportunity to expand this exception beyond its intentionally narrow confines.